[656 NYS2d 310]

In the Matter of JAMES G. FITZSIMONS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 14, 1997

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petition contains one charge of professional misconduct

against the respondent, which the Special Referee sustained after a hearing. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has not submitted any papers in response to the Grievance Committee's motion, nor has he cross-moved to disaffirm the Special Referee's report.

The petition alleged that the respondent violated Judiciary Law § 468-a, 22 NYCRR part 691, and Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) by failing to register as an attorney with the Office of Court Administration, as required by Judiciary Law § 468-a and 22 NYCRR 118.1.

On June 30, 1993, a letter was sent by the Grievance Committee to the respondent at his office address, informing him that a *sua sponte* investigation had been commenced based upon his failure, since 1988, to register as an attorney with the Office of Court Administration. That letter included a request that the respondent submit a written answer to the allegations upon receipt of the letter. No answer was forthcoming. On November 5, 1993, a follow-up letter was sent to the respondent at his new address. It cited the respondent's failure to provide an answer to the Grievance Committee's prior letter, directed the respondent to submit a written answer within 10 days, and advised him that his failure to cooperate was professional misconduct. The respondent submitted a letter dated November 16, 1993, to the Grievance Committee in an unrelated matter, but mentioned nothing of his failure to register.

On June 8, 1995, Grievance Counsel sent the respondent a certified letter at his residence reminding him that he had neither re-registered nor communicated with the Grievance Committee. Grievance Counsel also directed the respondent to submit his written answer within 10 days. The respondent's wife signed the return receipt for the certified letter. When no answer was received, Grievance Counsel telephoned the respondent at home and spoke to the respondent's wife. She indicated that she would have her husband return the call. He never did.

On August 7, 1995, a certified letter was sent to the respondent. The letter was again signed for by the respondent's wife. On September 7, 1995, according to the Office of Court Administration's records, the respondent still had not re-registered and paid his registration fees.

A Letter of Admonition dated October 20, 1995 was issued by the Grievance Committee for the Tenth Judicial District

and sent by certified mail to the respondent's residence, but it was returned unclaimed. On November 14, 1995, the Letter of Admonition was delivered personally by the Committee's investigator to the respondent's wife at the respondent's residence. The letter informed the respondent that he was required to re-register, retire, or resign within 30 days. If not, the Committee would recommend that disciplinary proceedings be instituted against him. On December 15, 1995, the respondent was sent a form to resign from the Bar.

On January 22, 1996, it was ascertained that this Court had not received any communications or applications from the respondent. On March 4, 1996, the Office of Court Administration advised that the respondent had last registered in 1988.

Thereafter, the Grievance Committee served the respondent with an order to show cause seeking his interim suspension from the practice of law. Although Grievance Counsel agreed to a two-day adjournment in order to permit the respondent to serve opposition papers, the respondent did not answer the order to show cause. By decision and order of this Court dated June 10, 1996, the respondent was suspended from the practice of law until further order of this Court, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against him.

Upon reviewing the evidence adduced at the hearing, at which the respondent testified on his own behalf, we find that the Special Referee properly sustained the allegation of professional misconduct against the respondent. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including his wife's medical condition, the difficulties he experienced getting his mail and telephone messages, and the fact that he is now re-registered. Under the circumstances, the respondent is reinstated to the practice of law and is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of

law and is hereby censured for his professional misconduct; and it is further,

Ordered that, effective immediately, the respondent is reinstated to the practice of law.