[925 NYS2d 154]

In the Matter of JAMES G. FITZSIMONS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 14, 2011

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge, (*Elizabeth A. Grabowski* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing three charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent engaged in a pattern and practice of failing to timely reregister as an attorney with the Office of Court Administration (hereinafter OCA) in violation of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1, as follows.

By letter dated January 8, 2004, the Grievance Committee notified the respondent that he was the subject of a sua sponte investigation based upon his failure to reregister as an attorney with OCA for four biennial periods from 1998 through 2005. The Grievance Committee advised the respondent to immediately comply with Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts by reregistering and to submit an answer explaining his failure to reregister within 30 days. The respondent failed to answer or comply. The respondent also failed to comply with follow-up letters dated February 18, 2004 and March 19, 2004.

On July 28, 2004, a fourth letter was hand delivered to the respondent's home address in an effort to afford him one final

opportunity to respond to the Grievance Committee's prior communications regarding the delinquent status of his attorney registration and his failure to respond to the Grievance Committee. The respondent failed to comply.

On July 26, 2005, the respondent was personally served with a judicial subpoena requiring his appearance before the Grievance Committee on August 4, 2005, to give testimony concerning the registration matter and requesting documentation that he had reregistered with OCA.

On August 4, 2005, the respondent faxed to the Grievance Committee a temporary receipt from OCA demonstrating that he had registered for the biennial periods 1998 through 2005. The respondent's appearance before the Grievance Committee was adjourned. By letter dated August 23, 2005, the Grievance Committee requested that the respondent provide confirmation from OCA that his registration status was current. The Grievance Committee also requested an explanation for the respondent's failure to timely cooperate with its investigation and advised the respondent that failure to cooperate with its lawful demands could result in his immediate suspension. The respondent failed to reply.

On September 13, 2005, the respondent was personally served with a second judicial subpoena requiring his appearance before the Grievance Committee on September 22, 2005, to testify regarding the registration matter. On September 22, 2005, the respondent testified concerning his failures to timely reregister and to cooperate with the Grievance Committee and provided a copy of his permanent receipt demonstrating registration in good standing for 1998 through 2005.

At the end of the examination, the respondent was asked for a written explanation of his failure to timely reregister and cooperate with the Grievance Committee. The respondent failed to reply.

By letter dated October 18, 2005, which was hand delivered to the respondent's last known business address, the Grievance Committee reminded the respondent of his failures to cooperate and advised him that unless his response was received by week's end, an application for his interim suspension would be made to the Court. The respondent still failed to reply.

The respondent later failed to reregister for the 2006-2007 biennial registration period within 30 days after his birthday. By letter dated January 9, 2008, the Grievance Committee advised

the respondent that he was the subject of a sua sponte investigation based upon his failure to reregister as an attorney for the 2006-2007 biennial registration period and his failure to cooperate. The Grievance Committee advised the respondent that his continued failure to respond within 10 days would require remedial action to compel his cooperation.

By letter dated January 30, 2008, the respondent provided the Grievance Committee with a copy of a check to OCA demonstrating that his registration was current for the 2006-2007 registration period. The respondent believed that his reregistration invoice was paid by his wife in June 2006 at the same time she paid other household bills. He did not realize that he was delinquent until he received the Grievance Committee's January 2008 letter. The respondent attributed his delinquency to his wife's hospitalization and because he was forced to move from his residence due to the cost of her medical and psychological treatments.

The respondent also failed to reregister for the 2008-2009 biennial periods.

Charge two alleges that the respondent engaged in a pattern and practice of failing to cooperate with the Grievance Committee's lawful demands, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge one.

Charge three alleges that, by engaging in a pattern and practice of failing to timely reregister as an attorney with OCA and by failing to cooperate with the Grievance Committee's investigation, the respondent violated Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charges one and two.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all three charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent was publicly censured by opinion and order of this Court dated April 14, 1997 (230 AD2d 334 [1997]), based upon a previous disciplinary proceeding involving one charge of failing to reregister. By prior decision and order of this Court dated June 10, 1996, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) for failing to cooper-

ate with the Grievance Committee's investigation in the above matter. That order authorized the previous disciplinary proceeding against the respondent. In reinstating the respondent to practice and imposing a public censure, the Court, in its April 14, 1997 opinion and order, considered the mitigation offered by the respondent, including his wife's medical condition, the difficulties he experienced in getting his mail and telephone messages, and the fact that he was currently reregistered.

The respondent also received an admonition, dated October 20, 1995, for failing to reregister and a letter of caution, dated June 27, 1994, for improperly using his escrow account for personal matters and failing to promptly respond to the legitimate inquiries of the Grievance Committee.

Under the totality of the circumstances, we find that the respondent's professional misconduct warrants his suspension from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BELEN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James G. Fitzsimons, is suspended from the practice of law for a period of six months, commencing July 14, 2011, with leave to apply for reinstatement one month prior to the expiration of that period, upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), (4) remained current in his attorney registration pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (c), and (5) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, James G. Fitzsimons, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto,

and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, James G. Fitzsimons, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).